UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALTON BEAUVAIS,

      Petitioner,

v.                                      CASE NO. 6:11-cv-62-Orl-36GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254.  Upon consideration of the petition (Doc. No. 1), the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6).  Petitioner filed a Reply to the Response (Doc. No. 11).

Petitioner alleges two claims for relief in his habeas petition: (1) counsel rendered ineffective assistance by failing to object to improper comments by the prosecution, and (2) counsel rendered ineffective assistance by failing to object to the State's reference to evidence outside of the record.  For the following reasons, the petition is denied.

### I.    *Procedural History*

Petitioner was charged with sale or delivery of cocaine (count one), resisting an

officer with violence (count two), and assault on a law enforcement officer (count three). A jury trial was conducted, and Petitioner was found guilty as charged of count one, guilty of the lesser included offense of resisting an officer without violence, and not guilty of count three.   The state trial court sentenced Petitioner to a fifteen-year term of imprisonment for count one and to 364 days for resisting an officer without violence with the sentences to run consecutively.

Petitioner appealed his convictions.  The Fifth District Court of Appeal of Florida affirmed *per curiam*.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  The state court denied the motion, and Petitioner appealed.  The Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.    *Legal Standards*

## A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the

holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    Standard for Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   *Analysis*

#### A.   *Claim One*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to object to improper comments by the prosecution during closing argument. Specifically, Petitioner maintains that counsel should have objected to the following statements: (1) "What motivation would officers have to lie?", (2) "There's no magical dealer who came in and suddenly dropped the crack cocaine.", (3) "The officers are not lying.", (4) "What motivation would they have for doing that?", and (5) "He's guilty." (Doc. No. 1 at 14.) Petitioner maintains that the prosecutor's statements were improper bolstering of the officers' credibility.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (App. Fat 2-3.) The state court reasoned that Petitioner could not demonstrate prejudice resulted from counsel's failure to object to the prosecutor's statements. *Id.*

Florida courts have held that a prosecutor's statements regarding an officer's truthfulness "constitute an inappropriate attempt to persuade the jury that the police officer's testimony should be believed simply because the witness is a police officer" and is "impermissible bolstering of the police officer's testimony." *Cisneros v. State*, 678 So. 2d

888, 890 (Fla. 4th DCA 1996).  As such, pursuant to Florida law, the prosecutor's statements during closing argument questioning the officers' motivation to lie and noting that the officers' were not lying was impermissible.  (App. B at 119, 122, 134.)

Nevertheless, Petitioner has not demonstrated that he was prejudiced by counsel's failure to object to the prosecutor's statements.  It is clear from the record that defense counsel knew that the prosecutor's statements regarding the officers' testimony was an attempt to bolster their credibility.  *See* App. B at 127 ("When the State says to you he's an officer, why would he lie, what the State's trying to do is they're trying to bolster his credibility with what he does for a living.").  Instead of objecting to the prosecutor's statements, however, defense counsel used the prosecutor's statements to cast further doubt on the veracity of the officers' testimony, as evidenced *inter alia* by the following argument:

> I find it very interesting that in describing or in speaking to you about Agent Griffin's testimony the State said twice to you, why would he lie? Why would the State say that?  Why would the State qualify that officer's testimony with, why would he lie?  I never said that to the officer in my cross-examination.  I never said, officer, are you lying?  Are you telling the truth?  You understand, officer, you're under oath.  I never said that to him. She said it, twice.  Maybe, because it's not believable and she feels as though it's necessary to talk to you about that.

(App. B at 126-27.)  In other words, defense counsel's approach was to draw attention to the fact that the prosecutor was so concerned about the veracity of the officers' testimony that she felt the need to attempt to bolster their testimony.

Furthermore, defense counsel maintained that the officers' credibility was not

contingent on their profession.

> And right now you've heard the testimony. And because we all bring our common sense to these proceedings, I imagine that you probably had the same reaction that many of us had to this testimony and listening to it. And when we hear something that is just not believable, we don't fall back on, say, the qualifications of the individuals saying it. It's either believable or not believable. It doesn't matter whether or not this witness is wearing a uniform, a badge. It doesn't matter what he's wearing. What comes out of his mouth either makes sense or it doesn't make sense.

* * *

> When the State says to you he's an officer, why would he lie, what the State's trying to do is they're trying to bolster his credibility with what he does for a living. How many of us believe that officers always tell the truth? Is that what the State's saying? Why would an officer lie, therefore they never lie? Every time he gets on the stand and raises his right hand and he swears to tell the truth, that's all that comes out of his mouth? Any of them, for that matter. He's an officer, so, therefore, everything that - that your life experience tells you, every bit of common sense that you bring to this jury is outweighed by the fact that he's a cop. He's a cop; therefore, that doesn't make sense, forget that, just take it for the gospel.

(App. B at 126, 127-28.)   Thus, defense counsel argued that the jury should base its credibility determinations on its common sense and the viability of the testimony it had heard. The trial court further instructed the jury that it should use its common sense in deciding which evidence was reliable. *Id*. at 145.

Additionally, defense counsel vigorously argued that the officers' testimony was not credible.

> You know what's not believable? An officer getting up on the stand and explaining the absence of evidence or explaining his not doing his job with, it's his day off. Officer, why didn't you have a camera? Officer, why didn't you have a recording device? You're equipped with some kind of audio transmitter; why didn't you have it? It's our day off. We didn't have

7

a lot of stuff.  We didn't have that kind of equipment.  It wasn't available to us.  It was our day off.  He said that twice during his testimony, it's his day off.

(App. B at 127.)   Most importantly, the jury clearly did not rely on the prosecutor's statements in making its credibility determinations of the officers' testimony given that they acquitted Petitioner of assault and found him guilty of the lesser included offense of resisting an officer without violence as to count two.

In sum, Petitioner has not demonstrated that a reasonable probability exists that the outcome of his trial would have been different had counsel objected to the prosecutor's statements.  Defense counsel used the prosecutor's statements to the advantage of the defense and ably countered the prosecutor's statements.  Thus, the state court's denial of claim one is neither contrary to, nor an unreasonable application of, *Strickland*.  Accordingly, this claim is denied pursuant to Section 2254(d).

### B.    Claim Two

 Petitioner contends that counsel rendered ineffective assistance by failing to object to the State's reference to evidence outside of the record.   In support of this claim, Petitioner argues that the prosecutor said in closing argument that the officers had identified Petitioner by a picture prior to the incident but the picture was not placed into evidence nor was such testimony provided at trial.  (Doc. No. 1 at 19.)

Petitioner raised this claim in his Rule 3.850 motion.  The state court denied relief pursuant to *Strickland*.  (App. F at 3.)

The record reflects that during closing argument, the prosecutor stated that Officer

8

Griffin testified that prior to the incident, (1) he had Petitioner's cellular phone number, (2) the officers knew who Petitioner was, and (3) the officers had looked at a picture of Petitioner and knew what he looked like. (App. B at 135.) Officer Griffin, however, did not mention when he testified that he looked at a picture of Petitioner prior to the incident. Thus, the prosecutor's statement regarding Petitioner's identification from a picture was not a fact in evidence.

Nevertheless, Officer Griffin testified that he received a cell phone number for a drug dealer called "Ace" through a tip. (App. B at 25-26.) Officer Griffin indicated that he called the number, spoke several times to "Ace", and arranged a meeting with him at a hotel to purchase crack cocaine. *Id*. at 26-30, 47, 49, 53. Officer Griffin testified that one of the phone conversations occurred while he was waiting on Petitioner at the motel and he was able to see Petitioner, who was talking on the phone, walking through the motel parking lot toward the room. *Id*. at 37, 54, 61.

Although the prosecutor improperly stated that the officers identified Petitioner from a picture prior to the incident, prejudice did not result from the statement. The identity of the person who met Officer Griffin in the hotel room was not at issue. Moreover, to the extent Petitioner complains that the prosecutor's statement allowed the jury to believe that he had a criminal history of drug trafficking, the Court notes that Officer Griffin testified that he was told that the cell number he was given was a drug dealer's number. *Id*. at 26. Thus, the jury heard evidence from which it could have concluded that Petitioner had a criminal history of trafficking. Petitioner, therefore, has not

demonstrated that a reasonable probability exists that the outcome of his trial would have been different had counsel objected to the prosecutor's statement.  Accordingly, claim two is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.     *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't. of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).  When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.   However, a  prisoner need not show that the appeal will succeed.  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.  Petitioner

has failed to make a substantial showing of the denial of a constitutional right.   Thus, the

Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Alton Beauvais (Doc. No. 1)

is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to enter judgment accordingly and close

this case.

**DONE AND ORDERED** in Orlando, Florida, this 18th day of July, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 7/18
Counsel of Record
Alton Beauvais

11